## SHEWELL *against* MEREDITH.

Practice, with regard to the execution of a *Liberari Facias,* the return by the sheriff and satisfaction of the judgment upon which it issued.    Whether under certain circumstances the judgment is satisfied, is a matter of fact for the jury : and it is error if the court decide it.

ERROR to *Fayette* county.

This was a feigned issue to try the right to money, in which *Thomas Shewell* was defendant, and *William Meredith* plaintiff. It was agreed that the amount in the hands of the defendant, was two hundred and eleven dollars.

*Meredith* the plaintiff below, claimed the money, (being the proceeds of a property called the "Broadford,") under a judgment in the name of *Maurice* and *William Wurts* v. *S. H. Whitehill,* which had been assigned to him.    This judgment was entered on the sixteenth day of January, one thousand eight hundred and nineteen, for five hundred and ninety-eight dollars and seventy-

(Shewell *v.* Meredith.)

eight cents. A *fi. fa.* issued to March term, one thousand eight hundred and nineteen, which was stayed. A *plu. fi. fa.* issued to March term, one thousand eight hundred and twenty, which was levied on the "Broadford" property ; which, upon inquisition held, extended. A *lib. fa.* issued to March term, one thousand eight hundred and twenty-one, which was returned with an inquisition annexed, valuing the lands at three hundred dollars per annum ; which inquisition concludes in these words, "which said messuage, &c. I, the said sheriff, have caused to be delivered to the said *Maurice* and *William Wurts,* to hold to them and their assigns, until the debt and damages in said writ mentioned, together with the interest thereof, be fully levied, as by the said writ I am commanded." On the execution docket the return is entered, —"*property delivered to the plaintiff.*" On the back of the *lib. fa.* is endorsed, "proceedings stayed by plaintiff's attorney," and signed "*Daniel P. Lynch* ;" which endorsement is erased, by a pen having been drawn over it. And the plaintiff called *Daniel P. Lynch,* the sheriff, who said that *that* was his return, and that the erasure had been made by some one else and not by him ; that he did not proceed to make an actual delivery of the property, in consequence of an arrangement between the plaintiff and *Whitehill,* the defendant in the execution.

*Shewell,* the defendant below, had a judgment against *S. H. Whitehill,* entered on the nineteenth day of January, A. D. one thousand eight hundred and twenty one, which it was admitted was entitled to the money, unless the plaintiff below, could claim it as the oldest judgment creditor.

The defendant below, also exhibited in evidence an article of agreement between *S. H. Whitehill,* and *Abraham Haigh* and *Levi Haigh,* dated the tenth of November, one thousand eight hundred and twenty-one, by which *Whitehill* leased the said "Broadford" property to the said *Haigh's* to the first of April following, for one hundred and fifty dollars, and from that time, for the term of seven years, for the sum of three hundred dollars per annum.

On the fifth of March, one thousand eight hundred and twenty-two, the plaintiff below took an assignment of this lease "*until the rents should pay the amount of his judgment and costs*" against *Whitehill.* On the same lease is another endorsement in these words : "April 24th, 1823. By the consent of Mr. *Whitehill,* I, as attorney of Mr. *Meredith,* do hereby re-assign the above lease.　　　　　　　　　　　　Thomas Irwin."

Mr. *Irwin* stated, on behalf of *Meredith,* that there must be a mistake in the date of the re-assignment ; that it was in one thousand eight hundred and twenty-two.

*Stewart H. Whitehill,* who was sworn, said, that when the lease was re-assigned to him by Mr. *Irwin,* it was agreed between

, (Shewell *v.* Meredith.)

them that he *( Whitehill )* should pay one hundred dollars a year until *Meredith's* judgment should be satisfied.

Some money had been collected by *Meredith's* attorney under the lease, and some was paid by *Whitehill* under the new arrangement after the re-assignment.

The court was requested by the defendant to instruct the jury,

1. That after the plaintiff had proceeded to hold an inquisition on the property of *Stewart H. Whitehill*, the defendant in the execution, by which the property extended, an arrangement between the plaintiff and *Stewart H. Whitehill*, the said defendant, by which the plaintiff got the possession of the property, by taking an assignment of the lease, which the defendant held on his tenants, was a satisfaction of the judgment, as against all other judgment creditors.

2. That no subsequent arrangement between the plaintiff and *S. H. Whitehill* can affect other judgment creditors of *S. H. Whitehill*.

3. That the inquisition held on the *lib. fa.* stating that the possession had been delivered to the plaintiff, and the entry to that effect on the execution docket are conclusive of the fact, as between plaintiff and other creditors, notwithstanding any mistake in the sheriff's return, which does not appear on record and is only proved by the sheriff.

4. That after extent, and particularly after *lib. fa.* issued an arrangement between plaintiff and defendant in the execution, by which said defendant assigns to plaintiff a lease of the property levied on, until his debt is paid, is a satisfaction of plaintiff's judgment, as far as other judgment creditors are concerned ; and no subsequent arrangement between plaintiff and defendant in the execution, will affect other creditors.

5. That the arrangement made by plaintiff with *S. H. Whitehill* on the re-assignment of the lease, by which the said *S. H. Whitehill*, the defendant in the execution, was to retain the possession of the property and pay plaintiff one hundred dollars a year, was a satisfaction of plaintiff's judgment.

The court instructed the jury on the points respectively, as follows :

1. The circumstances stated, when in fact it is proved by the sheriff that there never was a delivery of possession under the writ, and it also appears that the arrangement between the plaintiff and *S. H. Whitehill* was distinct from, and independent of the extent, will not be a satisfaction of the judgment as against all other subsequent judgment creditors.

2. If the assignment of the lease to the plaintiff was a satisfaction of his judgment, no subsequent agreement between him and *S. H. Whitehill* could affect the judgment creditors. But we have said

(Shewell *v.* Meredith.)

the assignment was not a satisfaction, except for so much as was made under the landlord's warrant, unless made in consummation of the extent.

3. The inquisition on the *lib. fa.* is not conclusive evidence that the possesssion was delivered to the plaintiff, but the sheriff is competent to prove that possession never was delivered ; that the proceedings on the *lib. fa.* were stayed by the plaintiff's attorney, and that the endorsement of such stay on the writ, was his return, and has been erased since the return without his knowledge or consent.

4. The arrangement between plaintiff and *S. H. Whitehill,* after extent and after *lib. fa.* by which a lease was assigned to plaintiff for the purpose of paying his debt, is not a satisfaction of his judgment, if it appears not to have been made in pursuance of the extent ; but to be distinct and independent of it, and made to enable the plaintiff to receive the rents as they became due in payment, &c. The assignment of the lease was not made until near a year after the *lib. fa.* was returnable. It was re-assigned to Mr. *Whitehill* in about forty days ; the plaintiff having received of the rent due, about seventy-one dollars, being the whole that could be obtained by distress. The arrangement, if not in completion of the extent, did not delay or prevent other judgment creditors from proceeding.

5. The arrangement referred to was not a satisfaction of the judgment.

The jury found for the plaintiff two hundred and eleven dollars and one cent.

The following errors were assigned :

1. The court erred in not giving a direct, precise and explicit answer to the first, second and fourth points of the defendant below.

2. The court erred in assuming the fact that the arrangement between plaintiff below and *Whitehill* was not in consummation of the extent. That was a fact for the jury to decide, but the court took it from them.

3. The court, in like manner, decides another *fact ;* that the lease was re-assigned in about forty days—whereas the written re-assignment on the lease is dated near fourteen months after the assignment.

4. The court erred in its instructions to the jury on all the points submitted by the defendant below.

*N. Ewing* for the plaintiff in error, cited *Turnpike company* v. *Hendel,* 11 *Serg. & Rawle,* 123. *Bebee et als.* v. *Bank of New York,* 1 *Johns.* 529, 548, 565. *Barnet* v. *Washebaugh,* 16 *Serg. & Rawle,* 410.

(Shewell *v.* Meredith.)

*W. Wilkins* for defendant in error, cited *Kuhn* v. *North et als,* 10 *Serg. & Rawle,* 399.

PER CURIAM.—The recital in the body of the inquisition, that the sheriff had delivered the premises in satisfaction of the debt, was inoperative as being no part of the return till made so by reference from the endorsement on the writ, which for that purpose ought to be in these or similar words : "The execution of this writ appears in a certain schedule hereunto annexed," *Grayd. Forms,* 249. But there was not a spark of evidence that such a return was made. On the contrary, there was evidence, which was fairly left to the jury, that the sheriff had returned, "The proceedings stayed by the plaintiff's attorney ;" and that this return had been subsequently erased without an application of the officer, or the leave of the court, cannot, being the act of a spoiler, impair the legal effect of the return. The proceedings having been stayed, then, the question was, whether the judgment had been satisfied by acts of the parties *in pais.* The terms of the agreement which accompanied the assignment of the lease, do not appear. By the words of the assignment the interest of the judgment-creditor was to endure "till the rents should pay the amount ;" and this may have been accepted as very payment, or as the means of payment : in other words, as satisfaction, or only as a collateral security, and the latter, the judgment remained a lien for the residue, credit being given for whatever the assignment had produced. But the question whether the assignment had been accepted as satisfaction, or as a collateral security, was for the jury, the evidence of the fact being collected from the terms of the assignment and the transactions appearing by the parol evidence. But this matter of fact was peremptorily determined by the court as matter of law ; and in this there was error.

Judgment reversed and a *venire de novo* awarded.